Johnny Ross **EVANS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 543-70.

United States Court of Appeals, Tenth Circuit.

May 14, 1971.

Mary Stephenson Allen, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty. with him on the brief), for appellee.

Before PICKETT and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

Appellant Johnny Ross Evans was convicted of violating 18 U.S.C. § 113(c) upon trial to the court and was sentenced to a five year prison term.

At the time of the crime of which appellant presently stands convicted in the court below, he was an inmate of the federal correctional institution at El Reno, Oklahoma. The victim of the assault by stabbing was also an inmate, one Frank Ivy Clanton. Evans had had trouble with Clanton before and, to avoid further trouble, had asked prison officials that he be transferred from his job in the mess hall. Following a card

game early in the evening of the stabbing, Evans and Clanton had had an argument about Evans' refusal to do push-ups as his penalty for losing at cards. It is claimed that, at that time, Clanton threatened Evans with a knife and used abusive language in regard to Evans' appearance.

As Clanton sat watching television in the television room approximately three hours later, Evans entered the room and attacked him. During the course of the fight, Clanton was stabbed.

After the fight had been stopped, a prison official noticed that Clanton was bleeding and had him removed for medical attention. He then searched Evans and all the other individuals in the room, but his search uncovered no weapon.

On appeal Evans claims that all the essential elements of the offense were not proved, that there was a fatal variance between the indictment and the evidence, that the evidence was not sufficient to support the judgment, and that his motion for judgment of acquittal should have been granted. Actually, these points all go to the sufficiency of the evidence to support a conviction and sentence pursuant to 18 U.S.C. § 113(c), and appellant urges either that the judgment below be reversed in its entirety or that it be reversed and be remanded for the purpose of re-sentencing appellant for violating 18 U.S.C. § 113(d), the misdemeanor provision of Section 113.

Appellant first challenges the sufficiency of the evidence showing that he had possession of a knife and contends that it does not establish beyond a reasonable doubt the charge that he assaulted Clanton with a dangerous weapon. He points to the failure to find a knife during the officer's search, the failure of the prosecution to produce a weapon at trial, and the testimony of witnesses to the scuffle that they saw no knife.

His second challenge is to the sufficiency of the evidence showing that he acted without just cause or excuse, and in this instance he relies on Clanton's threats and abusive language to him to show that Clanton's conduct was provocative.

In determining the sufficiency of the evidence to support a conviction, the evidence with its reasonable inferences is viewed in the light most favorable to the prosecution, United States v. Winn, 411 F.2d 415 (10th Cir. 1969), and the judgment of conviction must be sustained if, taken in the view most favorable to the government, there is substantial evidence to support it. Corbin v. United States, 253 F.2d 646 (10th Cir. 1958).

■ There was testimony at trial by Clanton and by another inmate named Bell that Evans did have possession of a knife during the scuffle, and this, together with the testimony showing Clanton was indeed stabbed and required medical treatment therefor, is adequate circumstantial evidence to establish assault with a knife by Evans. Under such circumstances it is not necessary that the knife itself be found and produced at trial for proof of its existence and appellant's possession of it were properly inferred from all the facts and circumstances in evidence. See Bailey v. United States, 410 F.2d 1209, 1216 (10th Cir. 1969).

■ As for appellant's contention that Clanton provoked the assault by his threat and abusive language, suffice it to say that, despite what Clanton may have said earlier in the evening, the evidence shows that the time intervening between his remarks and Evans' attack on him was from two to three hours or more than an adequate cooling-off period. A showing that Evans went to some length at a previous time to avoid trouble with Clanton in no way refutes this. Further, there is no evidence to indicate that Clanton, at the moment of the attack upon him by Evans, was doing anything to provoke Evans and hence excuse Evans' conduct.

The record in the case contains substantial evidence to support the conviction and sentence of Evans for the offense with which he was charged and will not be disturbed on this appeal.

Affirmed.